IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. CR 06-782 JB

FRANKIE SUMMERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Frankie Summers' Supplemental Sentencing Memorandum, filed April 18, 2007 (Doc. 50)("Memo"). The Court conducted a sentencing hearing on March 7, 2007 and April 19, 2007. The primary issues are: (I) whether the Court should waive interest on the fine it will impose; and (ii) whether the Court should strike the last section of paragraph 27 of the Pre-sentence Report ("PSR"). Because the Court believes that Summers has the ability to pay interest, it will deny her request that the Court waive interest. Because the Court believes Summers' request to remove sentences from paragraph 27 of the PSR is appropriate, and because the United States does not oppose the request, the Court will alter paragraph 27. The Court will, otherwise, sentence Summers as the Court proposed at the portion of the sentencing hearing held on March 7, 2007.

## PROCEDURAL BACKGROUND

Summers appeared before the Court for sentencing on March 7, 2007. See Hearing Transcript (taken March 7, 2007)("March 7 Transcript").[1] At that time, the Court announced its

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

intended sentence, which included a fine and expenses in the amount of $28,778.80.[2]  See March 7 Transcript at 36:20-37:6 (Court).  The Court chose the minimum fine in Summers' guideline range, $17,500.00.  To that sum, it added the cost of electronic monitoring, $3.44 per day multiplied by 270 days, for a total of $928.80, and the cost of supervision, $287.50 pre month multiplied by 36 months, for a total of $10,350.00.  Adding those amounts together, the Court arrived at a grand total of $28,778.80.  The Court then determined Summers' required monthly payment, dividing $28,778.80 by 36 months, to be $799.42.

At the March 7, 2007 hearing, Summers' counsel stated that he needed to confer with his client whether there would be any objection to the Court's proposed sentence.  See id. at 37:22-38:2 (Winterbottom).  Summers consulted with her counsel, and she does not pose an objection to the sentence as the Court has proposed it.  See Memo at 1.  She does, however, present the Court with two requests.  First, Summers requests that the Court  waive interest on the fine.  See id.  Second, Summers requests that the Court strike the last section of paragraph 27 of the PSR, which begins: "After being informed she had failed . . . ."  Id.  That section of paragraph 27 of the PSR alleges that Summers' daughter, Susan McBride, stated to a Kansas polygraph examiner that Susan McBride had dropped her daughter, Lily, on a bathtub.  PSR ¶ 27, at 9.  There is no indication from the report, however, that Susan McBride stated that she "dropped" Lily.  See id.  Neither the United States nor the United States Probation Office objects to Summers' request to strike the last two sentences of paragraph 27.

---

[2] Summers' memorandum states that the fine amount is $17,500.00.  The Court's Courtroom Deputy Clerk has contacted Summers' counsel, and he has confirmed that the total amount Summers must pay is $28,778.80, and that his client is aware of that amount.

## ANALYSIS

### 1.   Interest on Fine.

Pursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment. See 18 U.S.C. § 3612(f)(1). If the Court determines that the defendant does not have the ability to pay interest, 18 U.S.C. § 3612(f)(3)(A) authorizes the Court to waive the interest requirement. See 18 U.S.C. § 3612(f)(3)(A). The Court has carefully reviewed Summers' financial situation, and does not believe that she is unable to pay interest. While the Court has some discretion whether to impose a fine in the first instance, once it does so, the plain language of Congress' statute limits it ability to waive interest to situations in which the defendant does not have the ability to pay. Accordingly, the Court will deny the request to waive interest on the fine.

### 2.   Paragraph 27 of the PSR.

Summers' request that the Court remove the last two sentences of paragraph 27 is reasonable. The PSR should be as accurate as possible. Because the Court is reluctant to remove from the PSR information upon which it relied in formulating its sentence, and because the Court has not been presented with conclusive evidence that paragraph 27's contents are false, the Court will alter, rather than remove, the last portion of paragraph 27.

Summers represents that she was present when the bathtub incident to which paragraph 27 refers took place. Summers asserts that her daughter did not drop her granddaughter, but, rather, that her granddaughter slipped in the bathtub. The Court believes that Summers' recollection of events should be included in the PSR. The Court will therefore alter the last section of paragraph 27 to read: "<u>The polygrapher's report states that, a</u>fter being informed she had failed the polygraph

examination, Susan McBride stated Lily <u>fell in</u> the bath tub and this may have caused her vaginal injury (torn/scratched labia).  <u>The probation officer subsequently interviewed the polygrapher, who reported Ms. McBride stated that she dropped Lily.  There is no indication from the report that Ms. McBride dropped Lily.</u>  KBI agents concluded Susan McBride was not being truthful.  <u>The Defendant also represents that she was present when Susan McBride spoke to the polygrapher and disputes that Susan McBride said that she dropped Lily.  The Defendant further disputes that the injuries were caused from slipping in the bathtub</u>."  PSR ¶ 27, at 9; Hearing Transcript at 14:12-15:20 (Court)(taken April 19, 2007)(underlined portions represent Court's alterations).

**IT IS ORDERED** that the Defendant's requests in her Supplemental Sentencing Memorandum are granted in part and denied in part.  The Court will not waive the interest on the fine imposed.  The Court will alter the last portion of paragraph 27 of the PSR.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Charles Barth
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Richard Winterbottom
  Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*