IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 7 2007

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 06-CR-782-JB |
| FRANKIE SUMMERS | ) |
| Defendant. | ) |

## AMENDED PLEA AGREEMENT

Pursuant to Rule 11(c)(2), Fed.R.Crim.P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **FRANKIE SUMMERS**, and the defendant's counsel, Richard Winterbottom, AFPD.

### REPRESENTATION BY COUNSEL

1. The defendant understands her right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with her attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands her rights:

   a.. plead not guilty;

   b. to have a trial by jury;

   c.. to confront and cross-examine witnesses and to call witnesses in his defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to a one-count Indictment charging violation of Title 18 U.S.C. § 1958: that being Use of a Interstate Commerce Facilities in the Commission of Murder-for-Hire

## SENTENCING

4.    The defendant understands that the maximum penalty the Court can impose is:

    a.    imprisonment for a period of not more than 10 years;

    b.    a fine not to exceed the greater of $250,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.    a mandatory term of supervised release of not more than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5.    Sentencing is pursuant to the United States Sentencing Guidelines which are in effect advisory.

6.    It is expressly understood and agreed by and between the defendant and the United States that:

    a.    Pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P. that a specific sentence of time served with a term of supervised release of three years with a special

condition of supervised release that she serve 9 months in home detention is the appropriate disposition of this case. In the event the Court rejects this recommended disposition, the defendant shall be free to withdraw her plea of guilty.

      b.    The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

      c.    The defendant recognizes that this plea agreement has already conferred a benefit upon her and that no downward departure from the agreed upon sentence is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that she will not seek a downward departure. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## STIPULATIONS

7.    The United States and the defendant stipulate as follows:

      a.    Pursuant to U.S.S.G. § 3E1.1, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. Consequently, the defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written

statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes her entitlement to this reduction.

8. The United States and the defendant understand that the above stipulation, paragraph 7a, is not binding on the Court and that whether the Court accepts this stipulation is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept the above stipulation, the defendant hereby waives the right to appeal the Court's rejection of such stipulation.

9. The parties hereby agree that the Court's order of restitution, if any, shall not be limited by the conduct described in the offense of conviction, but that restitution may be ordered up to the amount of all losses to victims of the defendant's relevant conduct as determined by the Court for sentencing purposes.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10. The defendant understands her obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

11. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.

    a. Acknowledging that, the defendant knowingly waives the right to appeal the sentence as set forth in paragraph 6(a). In other words, the defendant

4

waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the agreed upon sentence.

## GOVERNMENT'S AGREEMENT

12.     Provided that the defendant fulfills her obligations as set out above, the United States agrees that:

    a.      The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

13.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

15.     The defendant understands and agrees that if she violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the information to be filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

16. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the **United States District Court**, District of New Mexico, 333 Lomas Blvd. N.W., Suite 270, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

17. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 7th day of March, 2007.

LARRY GOMEZ
Acting United States Attorney

_____
CHARLES L. BARTH
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_Frankie M. Summers, EdD 3/7/07_
FRANKIE SUMMERS
Defendant


_[signature] 3/7/07_
RICHARD WINTERBOTTOM, AFPD
Attorney for Defendant