AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Frankie Summers** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:06CR00782-001JB** |
| | USM Number: **32045-051** |
| | Defense Attorney: **Richard Winterbottom, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1958 | Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 03/22/2006 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **McKinley** | **April 19, 2007** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **May 11, 2007** |
| | Date Signed |

Defendant: **Frankie Summers**
Case Number: **1:06CR00782-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **5 days or time served, whichever is less** .

The Court has before it in the PSR the circumstances of the offense, and the history and characteristics of Summers. There not being any objections to those factual findings, the Court will adopt those as its own. The Court has also considered the PSR`s sentencing guideline applications, and, after overruling Summers` objections to them, the Court will also adopt those as its own. Summers has an offense level of 34 and a criminal-history category of I. Under the guidelines, that offense level/criminal-history category matrix provides an imprisonment range of 151 to 188 months. The United States and Summers have entered into a plea agreement pursuant to 11(c)(1)(C), which specifies a sentence of time served with three years of supervised release and nine months of home detention. The Court believes that the unique circumstances of this offense justify the significant variance from the guideline range for which the plea agreement calls. The Court will accept Summers` plea agreement and the sentence therein. The Court is convinced that the plea agreement accommodates the best interests of justice.

The Court has considered the factors set forth in 18 U.S.C. § 3553(a). The Court has considered properly and carefully all of the relevant factors in deciding what sentence it should impose. There is evidence that the nature of Summers` offense was something less than a consummated contract for murder for hire. The circumstances -- a grandmother allegedly driven by desperation over the sexual abuse of her granddaughter -- created a moral dilemma for Summers.

Summers maintains, with some force, that the innate human desire to protect one`s issue motivated this crime. The baser motives of greed, revenge, or sexual deviancy that inform much of the criminal activity the Court sees do not appear to be present here. While Summers committed a crime, its underlying rationale is not as repulsive as it might otherwise be.

The Court believes that a sixty-three-year-old school teacher, whose criminal activity stemmed from a scenario unlikely to be repeated, does not represent a danger to the public. While the Court can never guarantee the future conduct of someone it sentences, there is no indication that Summers has ever been a threat to anyone in society other than her son-in-law. The Court believes that Summers has learned her lesson and will not engage in future criminal behavior.

The Court recognizes the risk to the United States that a jury trial represents. Although the sentencing represents a significant variance from the guideline sentence appearing in the PSR, the United States has exchanged a relatively lenient sentence for the certainty of conviction. Given the mitigating circumstances of the offense, a jury`s potential sympathy for Summers, and difficulties the United States might have establishing each element of the crime, the Plea Agreement represents a reasonable exchange. The Court has an obligation to arrive at a just sentence; no sentence -- because of an acquittal -- would not be just in the circumstances of this case. The circumstances of Summers` offense suggest a jury might be sympathetic to her plight and present an arguable case for acquittal. The Plea Agreement acknowledges that the defense could prevail at trial because of juror empathy with Summers` situation. Moreover, the evidence is not clear that Summers formed a contract for the death of Mr. McBride, as her conviction would require.

The Court does not believe the variance called for in the Plea Agreement would cause disparity in sentencing. Distinct from most other federal murder-for-hire cases, this case invokes a certain amount of sympathy for the Defendant. Summers genuinely believed that her son-in-law sexually abused her granddaughter. For a sixty-three-year-old grandmother and school teacher with a life of law-abiding virtue to take such extreme measures, the stimulus must be extreme. Unlike most other murder-for-hire cases, Summers sought resolution of her perceived grievance through appropriate legal channels. Only after years of litigation, the results of which she believed demonstrated judicial indifference to her granddaughter`s plight, did Summers resort to illegal means. Summers` prolonged reliance on civil litigation distinguishes her from most others convicted of murder-for-hire schemes

Considering all the circumstances, the Court concludes that the agreed upon sentence of time served with three years of supervised release and nine months of home detention is appropriate. The Court will impose the sentence specified in the Plea Agreement. The Court will also require Summers to pay a fine and expenses in the amount of $28,778.80. The Court arrived at that figure by first choosing the minimum fine in Summers` guideline range, $17,500.00. To that sum, it added the cost of electronic monitoring, $3.44 per day multiplied by 270 days, for a total of $928.80, and the cost of supervision, $287.50 per month multiplied by 36

months, for a total of $10,350.00. Adding those amounts together, the Court arrived at a grand total of $28,778.80. **The Court believes that the sentence promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects the factors provided in § 3553(a). Moreover, the Court believes that this sentence is reasonable, and more effectively promotes the purposes of punishment set forth in the Sentencing Reform Act. For a complete explanation of the Court`s opinion, the Court incorporates by reference its March 7, 2007 and May 7, 2007 Memorandum Opinion and Orders. See Memorandum Opinion and Order, filed March 7, 2007 (Doc. 48); Memorandum Opinion and Order, filed May 7, 2007 (Doc. 52).**

☐   The court makes these recommendations to the Bureau of Prisons:


☐   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
  ☐   at  on
  ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

---
UNITED STATES MARSHAL

---
Deputy United States Marshal

Defendant: **Frankie Summers**
Case Number: **1:06CR00782-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Frankie Summers**
Case Number: **1:06CR00782-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete home confinement for a period of 9 months under the electronic monitoring program. The defendant may be required to pay a portion or all costs of such program.**

**The defendant shall not possess, have under her control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant will have no contact with the victim at anytime.**

**The mandatory drug testing condition is suspended based on the Court`s determination that the Defendant poses a low risk of substance abuse.**

Defendant: **Frankie Summers**
Case Number: **1:06CR00782-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $28,778.80 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☐    In full immediately; or
B    ☒    $ **100.00** immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Restitution Act is applicable in this case. However, the victim has not submitted any requests for restitution. Pursuant to 18 U.S.C. 3664(d)(5), the victim has 90 days from this date to request restitution.**

**The Defendant will pay a fine of $28,778.80, which shall be paid in 36 monthly installments during the Defendant`s term of supervised release. Interest on the fine shall be applied.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.